Mr. Justice Clayton,
delivered the opinion of the court.
One of the only two questions in this cause grows out of the rejection of a deposition upon the trial. ■
The plain tiff filed his interrogatories in the clerk’s office, and gave notice that he would, at a particular time, sue out a commission to take the testimony. A copy of the interrogatories was served on the defendants.- The commission was sued out, but from some cause the deposition was not taken under it, and returned to the office. Afterwards, without any new notice, or any farther interrogatories, another commission issued, under which the deposition was taken. Objection was made to the reading of it, upon the ground that no second commission could issue, unless there had, been another notice. The court sustained the objection, and ruled out the deposition.
We think that the 'deposition - was improperly excluded. There had been no change in the interrogatories, from the time they were first filed. The' defendants had an opportunity to file cross interrogatories, if they had desired to do so. We can see no reason which would prohibit the plaintiff from obtaining a second commission, if from any cause, the first proved unavailable. Where the practice is not to take the deposition upon interrogatories filed, but upon notice to take it on a particular day, at an appointed place, a different rule would prevail.
There is another point in the cause, however, which is fatal to the right of the plaintiff in error, to recover in this instance. Upon the exclusion of the deposition, he, to use the language of the bill of exceptions, “ thereupon took a nonsuit.”
It is an invariable rule that a writ of error will not lie to reverse a judgment of nonsuit, entered under such circumstances. Ewing v. Glidewell, 3 How. 332. United States v. Evans, 5 Cranch, 280. Trice v. Smith, 6 Yerger.
■ In the two last cases, a motion was made to set aside the nonsuit, which was overruled, and a writ of error then taken; *522 but the judgments were affirmed. In all of them the non-suit was suffered, because of the rejection of testimony by the court.
We regret this result, but cannot avoid it, consistently with the established rules of law.

Judgment affirmed.